**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

THE FREADOM ROAD FOUNDATION )
and )
MARIA HAYLEY )
Plaintiffs, )
v. )
FREADOM LLC )
Defendant. )

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**JURY TRIAL DEMANDED**

---

Plaintiffs, The Freadom Road Foundation and Maria Hayley, file this Complaint for injunctive relief and damages against the Defendant and in support thereof state as follows:

**PARTIES**

1. The Freadom Road Foundation ("Freadom Road") is a 501(c)(3) not-for-profit organization operated under the laws of State of Illinois with a registered address at 2022 North Newland Avenue, Chicago, Illinois 60707.

2. Maria Hayley ("Hayley") is an individual with a residence at 2022 North Newland Avenue, Chicago, Illinois 60707.

3. On information and belief, Defendant Freadom LLC is a company organized under the laws of the State of Illinois with a place of business at 28841 Nagel Court, Unit 3, Lake Bluff, Illinois 60044.

## JURISDICTION AND VENUE

4. Plaintiffs bring this action under the Lanham Act, including 15 U.S.C. §§ 1114(1), 1125(a), and 1125(d) (trademark infringement, false designation of origin, and unfair competition); 15 U.S.C. § 1116 (injunctive relief); 15 U.S.C. § 1117 (attorneys' fees and treble damages); and Illinois statutory and common law.

5. This Court thus has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 (a) and (b) in that it involves an action arising under the Lanham Act. This Court also has supplemental jurisdiction over the Illinois statutory and common law causes of action pursuant to 28 U.S.C. § 1367.

6. Defendant is subject to personal jurisdiction in the State of Illinois because the Defendant resides in this judicial district, the unlawful conduct complained of herein causes injury in this judicial district, Defendant transacts business in this judicial district, and Defendant derives revenue from the provision of services within this judicial district, in connection with the claims herein, and in the State of Illinois.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) in that Defendant is a resident of the State in which the district is located and that a substantial part of the activities giving rise to the claims alleged herein occurred in this judicial district.

## NATURE OF THE CASE

8. This is an action for trademark infringement and unfair competition under federal and Illinois statutes and common law, which Freadom Road and Hayley bring to protect one of their most valuable assets, namely, the goodwill and consumer recognition associated with the long-standing and federally registered FREADOM trademark.

9. Since at least as early as July 17, 1986, Maria Hayley ("Hayley"), the Founder, President, and Board Member of Freadom Road, has used the FREADOM mark in connection with educational services in the fields of literacy and crime prevention.

10. Hayley owns U.S. federal trademark Reg. No. 4,168,441 for FREADOM, which has been registered since 2012 and covers "educational services, namely, development and dissemination of educational materials of others in the fields of literacy and crime prevention to persons who are incarcerated, persons who have been incarcerated, persons likely to be at risk for incarceration and those counseling such persons" in International Class 41. As Hayley's exclusive licensee, Freadom Road uses the mark in connection with these services as well as with the promotion of education and literacy outside of the context of incarceration. A copy of the federal trademark registration certificate for FREADOM is attached hereto as Ex. A.

11. The FREADOM mark is an inherently strong mark, not only due to its longstanding use in the marketplace to identify Freadom Road and its services, but also due to its arbitrary, fanciful nature. The FREADOM mark alters the word "freedom" to incorporate the word "read," which suggests a connection between literacy skills and achieving personal freedom. As a result, donors and consumers of Freadom Road's services have come to associate the term exclusively with Freadom Road, Freadom Road's mission, and Freadom Road's services.

12. As described more fully below, without Hayley or Freadom Road's authorization or consent, and with at least constructive knowledge and likely actual knowledge of Hayley and Freadom Road's prior rights in the federally registered FREADOM mark, Defendant adopted the identical FREADOM designation in connection with a for-profit business under the name Freadom Promotions, which sells promotional products and then donates at least a portion of its revenue to support literacy programs. Defendant has also registered and is using the domain names

<www.freadomusapromotions.com>, <www.freadompromotions.com> and <www.freadomusa.com> (the "Infringing Domain Names");the social media handle @freadomusapromotions on Instagram (the "Infringing Account Name"); and the phone number 989–FREADOM (989-373-2366) (the "Infringing Phone Number," and collectively with the designations "Freadom" and "Freadom Promotions" and the Infringing Domain Names and the Infringing Account Name, the "Infringing Designations") to advertise its company and literacy initiatives. Screenshots of Defendant's website and Instagram page are attached hereto as Ex. B. As a result, Defendant is using the Infringing Designations in connection with the promotion of literacy services that coincide with the educational services offered by Freadom Road under its FREADOM mark to target identical consumers and donors.

13. Through its conduct, Defendant has created circumstances whereby members of the trade and public are likely to incorrectly believe – and in some instances have believed – that Defendant, its services, and/or its Freadom Promotions company are authorized by, sponsored by, or affiliated with Freadom Road, its FREADOM mark, and the services provided thereunder.

14. Freadom Road and Hayley accordingly bring this action to protect their valuable FREADOM mark, and to prevent consumer confusion and continuing damage to Freadom Road and Hayley as a result of Defendant's actions.

## COMMON ALLEGATIONS

### *Hayley and Freadom Road's Prior Rights in the FREADOM Mark*

15. Since at least 1986, Hayley, the Founder, President, and current Board Member of Freadom Road, has used the FREADOM mark to offer literacy programs. The FREADOM mark was created to market reading to incarcerated persons as a way out of incarceration and recidivism, and to link literacy and liberty. From 1986 to about 1990, Hayley offered educational services

under the FREADOM mark to inmates at the Cook County Department of Corrections, which included providing t-shirts bearing the FREADOM mark to incarcerated students.

16. Hayley began the process of forming Freadom Road in 1994. Freadom Road was incorporated on November 30, 1995, and obtained 501(c)(3) status in April 1997.

17. On April 4, 1994, Hayley filed a federal trademark application for the FREADOM mark covering "development and dissemination of informational and education materials in the field of crime prevention and recidivism" in International Class 41. The application was allowed by the U.S. Trademark Office on August 29, 1995, but Hayley abandoned the application because she could not afford to pay the applicable fees at that time.

18. On May 27, 2010, Hayley filed a second federal trademark application for the FREADOM mark. The mark was registered on July 3, 2012 in connection with "[e]ducational services, namely, development and dissemination of educational materials of others in the fields of literacy and crime prevention to persons who are incarcerated, persons who have been incarcerated, persons likely to be at risk for incarceration and those counseling such persons" in International Class 41. *See* Reg. No. 4,168,441. The registration is now incontestable pursuant to 15 U.S.C. § 1065 and was renewed on November 29, 2021. A screenshot of USPTO records showing the current status of the registration is attached hereto as Ex. C.

19. Hayley also owns Illinois state Reg. No. 095,389 for the FREADOM mark, which issued on January 9, 2006, citing a first use date listed as July 28, 1986 and covering a "literacy based crime prevention project." A screenshot of Illinois Secretary of State records showing the current status of the registration is attached hereto as Ex. D.

20. Hayley has exclusively licensed the use of the FREADOM mark to Freadom Road for all of Freadom Road's existence.

21. Freadom Road offers programs and services that promote literacy to the incarcerated, the children of the incarcerated, those at risk of incarceration, and counselors to the aforementioned under the FREADOM mark. These programs and services include providing home libraries, books, book character dolls, magazines, and literacy resources. In addition to its work with persons who are or have been incarcerated, Freadom Road has long provided its services to children and educational institutions, and has partnered with numerous community, family, and health organizations.

22. Freadom Road often emphasizes the distinctive "READ" element of the FREADOM mark, which clearly links the mark to the promotion of literacy, such as in its logo as depicted below:



23. Freadom Road has partnered with numerous community organizations in delivering its services and promoting literacy, including the Chicago Public Library, Kiwanis (Lakeview), Family Focus, The Chicago Department of Public Health, Logan Square at Funston Club (Boys & Girls Club of Chicago), and the Jessie "Ma" Houston Prison Outpost of Rainbow Coalition.

24. Freadom Road's services in connection with the FREADOM mark have drawn substantial media coverage. For example, in September 2022, Freadom Road was featured in an article in Kiwanis Magazine, a prominent non-profit organization and international publication.

25. From 2011 to present, Freadom Road has distributed literature, marketing materials, and brochures of Freadom Road's services in connection with the FREADOM mark to students and potential donors.

26. Since at least 2016, Freadom Road has used its website, www.thefreadomroadfoundation.org, to advertise and promote Freadom Road's services, sell books, accept PayPal donations, and list third-party organizations and partners that aid, support, promote, and work with Freadom Road, all in connection with its FREADOM mark.

27. Freadom Road has invested enormous time, effort and resources in promoting and marketing its services under and in connection with the FREADOM mark. For example, Freadom Road has promoted and marketed its services offered in connection with the FREADOM mark throughout the United States in online and print media and in other ways customary in the non-profit literacy space, including on its website at www.thefreadomroadfoundation.org and through its Facebook profile.

28. As a result of Freadom Road's extensive use and promotion of the FREADOM mark in connection with the provision of the services, the FREADOM mark has developed considerable recognition among relevant consumers and potential donors, and has become well-known and recognized by the public as identifying and distinguishing Freadom Road and its services. Given its positioning in the marketplace, the integrity of the FREADOM mark is extremely valuable to Freadom Road and is crucial to its continued vitality and growth as a non-profit organization.

***Defendant's Wrongful Conduct***

29. On January 22, 2019 – more than two decades after Hayley began using the FREADOM mark in Illinois, and nearly seven years after Hayley's federal registration for the mark issued – Defendant's principals, Brian Floriani and Suzanne Mahoney, applied to register the identical FREADOM mark based on their purported intent to use the mark in connection with "[a]thletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, and athletic uniforms."

However, on information and belief, this limited identification of goods did not reflect the full extent of Defendant's intended use of the mark. Floriani and Mahoney filed a Statement of Use on December 30, 2020, and the mark was registered on March 2, 2021. Copies of the Statement of Use filed by Floriani and Mahoney and the registration certificate that issued to them before being surrendered are attached hereto as Ex. E.

30. In fact, Defendant uses the FREADOM mark, along with the other Infringing Designations, in connection with offering a range of promotional and marketing products to businesses under the guise of raising money for literacy initiatives. Thus, Defendant caters to the same potential donors as Freadom Road, and with Freadom Road's house mark, taking away Freadom Road's ability to control the quality of products sold in association with its mark, the connection to actual literary assistance, and Freadom Road's ability to fundraise in similar manners without marketplace confusion.

31. When Hayley learned of Defendant's infringing use of the FREADOM mark and the federal registration Defendant had obtained, she informed Defendant of her objection and filed a petition with the Trademark Trial and Appeal Board to cancel Reg. No. 6,283,739 on December 2, 2021. After nearly two years of litigation, Floriani and Mahoney voluntarily surrendered the registration for cancellation. The Trademark Trial and Appeal Board subsequently granted the cancellation and cancelled Defendant's FREADOM registration in December 2023. Freadom Road and Hayley took Defendant's surrender of its registration to mean that Defendant and its principals recognized Hayley's prior rights in the FREADOM mark and would therefore rebrand to a dissimilar mark. However, Freadom Road has learned that Defendant continues to use the FREADOM mark without authorization and, as set forth below, has recently informed Freadom Road that it does not intend to cease.

32. Defendant's use of the FREADOM mark in connection with promotion of literacy is central to Defendant's marketing. For example, Defendant emphasizes its promotion of literacy on its website homepage:

33. Like Freadom Road, Defendant's logo emphasizes the "READ" element of FREADOM.

34. Defendant also features promotion of literacy prominently in its social media posts, such as the LinkedIn post below:

35. On information and belief, Defendant's principals also emphasize the connection between Defendant's use of the FREADOM mark and promoting literacy in media interviews.

36. On information and belief, in addition to being a principal of Defendant, Floriani is the founder and Chief Advancement Officer of Bernie's Book Bank, a Chicagoland book bank for under-resourced children. Defendant promotes Bernie's Book Bank on its website and social media pages and, according to Defendant's website, provides Bernie's Book Bank with financial support through the sales of its FREADOM branded merchandise.

37. On information and belief, Bernie's Book Bank has partnered with some of the same organizations as Freadom Road, including the Chicago Public Library, Kiwanis (Lake Bluff), Kiwanis (Lake Forest) and others.

***Instances of Actual Confusion Between Freadom Road's FREADOM Mark and Defendant's Unauthorized Use of the FREADOM Mark***

38. The Freadom Road Foundation has an Illinois Sales Tax Exemption Certificate that expires on August 1, 2026.

39. On May 16, 2022, Hayley was paying for a printing job at the FedEx located at 1720 Harlem Ave, Elmwood Park, IL and requested to have Freadom Road's Illinois Sales Tax exemption applied. FedEx team member Jacqueline J. told Hayley that she did not have a Sales Tax Exemption on file for Freadom Road and refused to apply the exemption, offering a discount instead. Petitioner accepted the discount, and upon checking the receipt, Petitioner realized the account Jacqueline J. had charged was not Freadom Road's, but was in fact the Defendant's.

40. On June 10, 2022, at the same FedEx location, Hayley was paying for a printing job and asked to have Freadom Road's Illinois Sales Tax exemption applied. FedEx team member Cesar P. told Hayley that Freadom Road did not have a Sales Tax exemption on file. Hayley insisted that Freadom Road did and Cesar P. read aloud from his computer screen "Freadom LLC"

(Defendant). Hayley recognized that Petitioner's account was being confused with that of the Defendant, and explained the confusion to Cesar P. Cesar P. advised Hayley that, moving forward, Hayley should emphasize the word "the" in "The Freadom Road Foundation" to avoid confusion of FedEx employees when claiming the Sales Tax exemption. Cesar P. applied the Sales Tax Exemption.

41. On June 27, 2022, at the same FedEx location, Hayley was paying for a printing job and asked to have Freadom Road's Illinois Sales Tax exemption applied. FedEx team member Tracey M. experienced the same confusion between Freadom Road's account and Defendant's account. Petitioner repeatedly emphasized the word "the" to Tracey M as instructed previously. Tracey M. located Freadom Road's FedEx account and Hayley was able to receive the Sales Tax Exemption for that day's transaction.

42. On April 1, 2024, at the same FedEx location, Hayley was paying for a printing job and asked to have Freadom Road's Illinois Sales Tax exemption applied. A FedEx team member experienced the same confusion between Freadom Road's account and Defendant's account. Petitioner repeatedly emphasized the word "the" to the FedEx team member as instructed previously. The FedEx team member located Freadom Road's FedEx account and Hayley was able to receive the Sales Tax Exemption for that day's transaction.

43. On September 21, 2022 Hayley attended a Kiwanis (Lakeview) meeting at Ann Sather's located at 909 W. Belmont Ave, Chicago IL 60657. At the meeting, Hayley showed a PowerPoint presentation highlighting the work of Freadom Road, which concluded with a pitch for donations. Kiwanis member Tom O'Donnell approached Hayley and explained that he performed a Google search for "FREADOM" intending to make a donation to Freadom Road. The search results presented Defendant's website at www.freadomusa.com, which he believed to

belong to Freadom Road because the website was selling clothing and mugs displaying the word "FREADOM" and heavily promoted educators and young people reading. Hayley was forced to send an email to O'Donnell on October 6, 2022 to clarify how O'Donnell could donate to Freadom Road.

44. These are only examples of actual confusion. In the vast majority of cases, Freadom Road would have no way of knowing when a donor, intending to help support Freadom Road and its mission, instead donates or purchases products through Defendant's website thinking they are, and intending to, support Freadom Road.

***Freadom Road's Continued Objection to Defendant's Infringement***

45. When Freadom Road realized that Defendant did not appear to be rebranding away from the Infringing Designations despite having surrendered its registration for cancellation, Freadom Road spent time searching for counsel that would assist them. Once found and retained, Freadom Road's new counsel sent Defendant's counsel a letter demanding that Defendant cease use of the Infringing Designations and offering a generous phase-out period to rebrand to a dissimilar mark. In response, Defendant's counsel indicated that Defendant would not cease use of the FREADOM mark.

46. On May 16, 2024, Freadom Road's counsel sent Defendant's counsel a second letter informing her that Freadom Road would be forced to file the instant Complaint if Defendant did not agree to phase out and rebrand. Copies of the letters that Freadom Road's counsel sent to Defendant's counsel are attached hereto as Ex. F.

47. Defendant's unauthorized use of the Infringing Designations is likely to confuse members of the trade and public in that it will lead them to mistakenly believe that Defendant's goods and services are actually those of Freadom Road, or that Freadom Road sponsors, approves

of or is affiliated in some way with Defendant and its goods and services. Because of Defendant's refusal to cease its misconduct, Freadom Road and Hayley have been forced to bring this action to protect their invaluable rights in the FREADOM mark and to redress the damage they have suffered and will continue to suffer as a result of Defendant's conduct.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114(1))

48. Plaintiffs reallege and incorporate herein the foregoing paragraphs of this Complaint.

49. As described fully above, Hayley owns a federal trademark registration for her valid and protectable FREADOM mark, for which Freadom Road is the exclusive licensee.

50. Pursuant to 15 U.S.C. § 1072, Defendant had constructive knowledge of the federally registered FREADOM mark prior to its unauthorized use of the Infringing Designations.

51. Plaintiffs have not consented to, and in fact have vehemently objected to, Defendant's use of the Infringing Designations in connection with Defendant's Freedom Promotions business.

52. Defendant's unauthorized use of the FREADOM mark to promote literacy is likely to cause confusion, mistake or deception as to the affiliation, connection or association of the Defendant with Freadom Road, and as to the origin, sponsorship or approval of Defendant and its Freadom Promotions business, in violation of the Lanham Act, 15 U.S.C. § 1114.

53. Defendant's unauthorized and tortious conduct also has deprived, and will continue to deprive, Freadom Road of the ability to control the consumer perception of its services marketed and provided in connection with the FREADOM mark, placing the valuable reputation and goodwill of Freadom Road in the hands of Defendant, over whom Freadom Road has no control.

54. Defendant's willful continued infringement after its principals surrendered their trademark registration for cancellation, and Defendant's reckless lack of concern for the likelihood of confusion caused by its acts, renders this case exceptional under 15 U.S.C. § 1117(a).

55. Further, Defendant's use of Freadom Road's registered FREADOM trademark in connection with the promotion and furtherance of reading, as also done by Freadom Road, constitutes sales of counterfeit goods pursuant to 15 U.S.C. § 1114, entitling Freadom Road to the anti-counterfeiting injunctive remedies in 15 U.S.C. § 1116(d) and also entitling Freadom Road to elect recovery of treble damages or statutory damages at any time prior to the entry of final judgment pursuant to 15 U.S.C. § 1117(b) and (c).

56. As a result of Defendant's aforesaid conduct, Freadom Road and Hayley have suffered substantial damage and irreparable harm constituting an injury for which they have no adequate remedy at law. Unless this Court enjoins Defendant's conduct, Freadom Road and Hayley will continue to suffer irreparable harm.

## COUNT II

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

57. Plaintiffs reallege and incorporate herein the foregoing paragraphs of this Complaint.

58. Defendant's unauthorized use of the FREADOM mark to promote literacy is likely to cause confusion, mistake or deception as to the affiliation, connection or association of the Defendant with Freadom Road, and as to the origin, sponsorship or approval of the Defendant and its Freadom Promotions business, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

59. Defendant's unauthorized and tortious conduct also has deprived, and will continue to deprive, Freadom Road of the ability to control the consumer perception of its services marketed under the FREADOM mark, placing the valuable reputation and goodwill of Freadom Road in the hands of the Defendant, over whom Freadom Road has no control.

60. Defendant's willful conduct and reckless lack of concern for the likelihood of confusion caused by their acts renders this case exceptional under 15 U.S.C. § 1117(a).

61. As a result of the Defendant's aforesaid conduct, Freadom Road and Hayley have suffered substantial damage and irreparable harm constituting an injury for which they have no adequate remedy at law. Unless this Court enjoins Defendant's conduct, Freadom Road and Hayley will continue to suffer irreparable harm.

## COUNT III

### TRADEMARK INFRINGEMENT AND COUNTERFEITING UNDER ILLINOIS STATE STATUTE (765 ILCS 1036)

62. Plaintiffs reallege and incorporate herein the foregoing paragraphs of this Complaint.

63. As described fully above, Hayley owns an Illinois state trademark registration for her valid and protectable FREADOM mark, for which Freadom Road is the exclusive licensee.

64. Defendant's use of the FREADOM mark and the Infringing Designations is likely to cause confusion, mistake or deception in violation of 765 ILCS 1036/60(a).

65. Defendant has used, and continues to use, the FREADOM mark and the Infringing Designations in bad faith and with knowledge of Hayley's prior rights in the FREADOM mark and her Illinois state registration for the mark, thus entitling Plaintiffs to an award of three times Defendant's profits and Plaintiffs' damages, as well as Plaintiffs' reasonable attorneys' fees, pursuant to 765 ILCS 1036/70.

**COUNT IV**

**TRADEMARK INFRINGEMENT UNDER ILLINOIS COMMON LAW**

66. Plaintiffs reallege and incorporate herein the foregoing paragraphs of this Complaint.

67. Hayley, by virtue of her prior adoption and use of the FREADOM mark in interstate commerce via exclusive license to Freadom Road, particularly in Illinois, has acquired, established, and owns valuable common law rights in the FREADOM mark, which serve to identify Freadom Road and Freadom Road's literacy services.

68. Freadom Road's FREADOM mark is used and displayed in Illinois in connection with advertising and promoting Freadom Road's services.

69. Freadom Road provides its services in Illinois, including through its website <www.thefreadomroadfoundation.org> and by providing literacy services to people in Illinois.

70. Defendant's unauthorized promotion and use of the Infringing Designations with services substantially similar to those with which Freadom Road uses its FREADOM mark is likely to cause confusion among consumers.

71. By virtue of their actions described herein, Defendant has infringed Freadom Road's FREADOM mark and has improperly traded on the goodwill associated therewith, in violation of the common law of this State.

72. Because Defendant had at least constructive knowledge and likely actual knowledge of Freadom Road and Hayley's prior use of and rights in the FREADOM mark before Defendant began using the Infringing Designations in connection with its Freadom Promotions business, Defendant is willfully engaged in trademark infringement in violation of Illinois common law.

73. As a result of the Defendant's aforesaid conduct, Freadom Road and Hayley have suffered substantial damage and irreparable harm constituting injury for which they have no adequate remedy at law. Unless this Court enjoins the Defendant's infringing conduct, Freadom Road and Hayley will continue to suffer irreparable harm.

## COUNT V

## UNFAIR COMPETITION UNDER ILLINOIS COMMON LAW

74. Plaintiffs reallege and incorporate herein the foregoing paragraphs of this Complaint.

75. Hayley, by virtue of her prior adoption and use of the FREADOM mark in interstate commerce via exclusive license to Freadom Road, particularly in Illinois, has acquired, established, and owns valuable common law rights in the FREADOM mark, which serve to identify Freadom Road and Freadom Road's literacy services.

76. Defendant's unauthorized promotion and use of the Infringing Designations with services substantially similar to those with which Freadom Road uses its FREADOM mark is likely to cause confusion among consumers.

77. Defendant's unauthorized and tortious conduct also has deprived, and will continue to deprive, Freadom Road of the ability to control the consumer perception of its services marketed under the FREADOM mark, placing the valuable reputation and goodwill of Freadom Road in the hands of the Defendant, over whom Freadom Road has no control.

78. Because Defendant had at least constructive knowledge and likely actual knowledge of Freadom Road and Hayley's prior use of and rights in its FREADOM mark before Defendant began using the Infringing Designations in connection with its Freedom Promotions

business, Defendant is willfully engaged in trademark infringement in violation of Illinois common law.

79. As a result of the Defendant's aforesaid conduct, Freadom Road and Hayley has suffered substantial damage and irreparable harm constituting injury for which they have no adequate remedy at law. Unless this Court enjoins the Defendant's infringing conduct, Freadom Road and Hayley will continue to suffer irreparable harm.

**PRAYER FOR RELIEF**

Plaintiffs request that this Court enter a judgment in its favor and against the Defendant as follows:

Permanently enjoining and restraining the Defendant, all entities under its control, as well as any parents, subsidiaries, affiliates, licensees, owners, directors, officers, partners, assigns, related entities, predecessors, successors, employees, representatives, trustees, receivers, agents, and any other persons or entities acting on behalf of the Defendant, or with Defendant's authority, from:

using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark, domain name or other designation of origin that consists in whole or in part of the FREADOM mark or any terms, designs or styles confusingly similar thereto; or

doing any act or thing that is likely to induce the belief that the Defendant's goods or services or activities are in some way connected with Freadom Road or Freadom Road's Services, or that is likely to injure or damage Freadom Road, Hayley or the goodwill associated their FREADOM mark; and

Ordering the Defendant to:

pay Plaintiffs the damages sustained by Plaintiffs as a result of the unlawful acts alleged herein and that such damages be trebled pursuant to 15 U.S.C. § 1117(a) and (b), and 765 ILCS 1036/70, because of the willful and exceptional nature of the acts alleged herein, and Defendant's knowledge of Plaintiffs' prior rights and bad faith;

pay Plaintiffs punitive damages as a consequence of the willful acts alleged herein;

account for and pay over to Plaintiffs all gains, profits and advantages derived by it from the unlawful acts alleged herein or as a result of unjust enrichment, adjusted upward as the Court shall find to be just under 15 U.S.C. § 1117(a) and 765 ILCS 1036/70;

deliver up for destruction all materials that bear the infringing FREADOM designation, including without limitation all letterhead, signage, brochures, labels, stickers, written materials and other promotional materials;

reimburse Plaintiffs for the costs it has incurred in bringing this action, together with its reasonable attorneys' fees and disbursements under 15 U.S.C. § 1117(a) and 765 ILCS 1036/70;

transfer to Plaintiffs any domain names owned or controlled by Defendant that incorporate the FREADOM mark, including but not limited to <www.freadomusa.com>, <www.freadompromotions.com> and <www.freadomusapromotions.com>; and

pay statutory damages, to the extent elected by Freadom Road, for the use of counterfeit marks under 15 U.S.C. § 1117(c).

Awarding Plaintiffs such other and further relief as this Court may deem proper.

DATED: July 16, 2024

Respectfully submitted,

/s/ *Mike R. Turner*__________
Mike R. Turner (ISBN 6297803)
Andrew S. Fraker (ISBN 6312833)
Joseph B. Sherling (ISBN 6339668)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, Illinois 60602-3801
(312) 269-8000
(312) 269-1747 (fax)
mturner@nge.com
afraker@nge.com
jsherling@nge.com

*Attorneys for Plaintiffs, The Freadom Road Foundation and Maria Hayley*

36637070.8